**NOT FOR PUBLICATION**



**FILED**

DEC 05 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OSCAR W. AGUILAR, surviving spouse of Nancy Bran, deceased, for and on behalf of all those entitled by law to recover for the death of Nancy Bran, | No. 14-15580 |
| | D.C. No. 2:11-cv-01385-HRH |
| Plaintiff-Appellant, | |
| | MEMORANDUM[*] |
| v. | |
| WERNER ENTERPRISES, INC. and RONALD WAYNE MAUPIN, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Ronald S.W. Lew, District Judge, Presiding

Argued and Submitted November 14, 2016
San Francisco, California

Before: REINHARDT and OWENS, Circuit Judges, and MENDOZA,[**] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Salvador Mendoza, Jr., District Judge for the U.S. District Court for the Eastern District of Washington, sitting by designation.

Oscar W. Aguilar appeals the district court's order denying his Rule 59 motion for a new trial following the jury's determination that Defendants-Appellees were not liable for the death of Aguilar's wife.  We **AFFIRM**.

1.  The district court reasonably found that the jury could have relied on Dr. Edwards's testimony that the defendant likely checked his mirrors and began braking when he could not change lanes as a reasonable person would have done. This evidence alone was sufficient for this court to affirm.  *See Kode v. Carlson*, 596 F.3d 608, 612 (9th Cir. 2010) ("[W]e reverse for a clear abuse of discretion only where there is an *absolute absence of evidence* to support the jury's verdict." (citation omitted)).

2. Because Dr. Dawes's testimony only pertained to comparative fault – an issue the jury did not reach because it found defendants entirely faultless – there is no possibility that Dr. Dawes's testimony prejudiced the plaintiff.  *See United States v. 4.85 Acres of Land*, 546 F.3d 613, 617 (9th Cir. 2008) ("To reverse a jury verdict for evidentiary error, we must find that the trial court abused its discretion in a manner that prejudiced the appealing party.").  Therefore, it is unnecessary to address whether Dr. Dawes was sufficiently reliable.

3. The district court properly sustained defense counsel's objections during direct examination of Dr. Philbrick.  Plaintiff's counsel failed to properly qualify

Dr. Philbrick as an expert before asking questions requiring expertise in trucking. The district court also properly sustained objections to questions outside the scope of the witness's area of expertise. Moreover, because plaintiff's counsel had the opportunity to establish the proper foundation and rephrase questions while Dr. Philbrick was still on the stand, Aguilar suffered no prejudice from the district court's rulings.

4. The district court did not abuse its discretion when it prevented Dr. Stein from testifying as to the cause of the accident at the center of this case. Moreover, even if the district court's ruling was erroneous, Aguilar suffered no prejudice as a result: plaintiff's counsel had sufficient opportunity to rephrase his question or lay any necessary foundation to establish Dr. Stein's expertise in assessing the cause of accidents.

5. Aguilar has not demonstrated judicial misconduct or bias rising to the level of "a disposition . . . to treat [him] unfairly," nor has he made "a clear and precise showing of prejudice." *See Stuart v. United States*, 23 F.3d 1483, 1486 (9th Cir. 1994) (citation omitted). The district court's evidentiary rulings were not abuses of discretion for the reasons explained above. The district court's statement about preventing runaway verdicts was a reasonable comment to induce settlement. The district court's statement "Your country is the United States. You're a citizen"

was inappropriate and irrelevant to the plaintiff's testimony about customs in his country of origin. However, because Aguilar has not demonstrated how this isolated comment resulted in unfair treatment during the trial or how that comment prejudiced him to the jury, the comment does not warrant reversal.

6. Because the district court did not commit multiple errors, reversing for cumulative error is unwarranted.

Accordingly, we **AFFIRM**.